18 F.3d 954
 305 U.S.App.D.C. 194
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Dwight Jerome WILLS, Appellant.
 No. 93-3131.
 United States Court of Appeals, District of Columbia Circuit.
 March 9, 1994.
 
 Before: EDWARDS, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed. The district court, in its Memorandum filed May 21, 1992, correctly concluded that the initial encounter between the police and appellant and codefendant Earl Johnson was not a seizure implicating the fourth amendment. See generally Florida v. Bostick, 111 S.Ct. 2382, 2386-87 (1991); Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). Further, it is clear that the "totality of the circumstances," see United States v. Taylor, 997 F.2d 1551, 1553 (D.C.Cir.1993) (citing Illinois v. Gates, 462 U.S. 213, 230-32 (1983)), warranted the district court's conclusion that Officer Gray's observations provided probable cause to support the arrest of both appellant and Johnson.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.